UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAGUN ALLEN,

    Petitioner,

v.                                                      CASE NO. 8:14-cv-1877-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Allen applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for delivery of cocaine within one thousand feet of a church, possession of cocaine, and obstructing a law enforcement officer without violence, for which he is imprisoned for seventeen years as a habitual felony offender. The earlier order (Doc. 2) authorizes the respondent to move to dismiss if he contends the application is untimely and cautions Allen that he should oppose the motion. In moving to dismiss (Doc. 4) the respondent contends that the application is time-barred. Allen offers no opposition.

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Allen's conviction was final on November 18, 2010,[1] and the federal limitation barred his claim one year later absent tolling for a timely post-conviction application in state court.  Allen let 252 days elapse before he filed a state Rule 3.850 motion for post-conviction relief on July 28, 2011.[2]  (Respondent's Exhibit 8)  Tolling continued until March 28, 2014, when the mandate issued.  (Respondent's Exhibit 16)  Allen had 113 days remaining (365 - 252 = 113), which establishes July 19, 2014, as the deadline.  However, because that day was a Saturday, the limitation extends to Monday, July 21, 2014.  *See* Rule 6(a)(1)(C), Federal Rules of Civil Procedure.  Allen dated his federal application July 30, 2014.  Consequently, the application is nine

---

[1] Allen's direct appeal concluded on August 20, 2010. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

[2] Under the "mail box rule" as established in *Houston v. Lack*, 487 U.S. 266, 276 (1988), Allen's Rule 3.850 motion is considered "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *See also Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner constructively files a motion to vacate upon delivery of the motion to prison authorities for mailing).

days late.  Allen neither opposes the respondent's motion to dismiss nor asserts entitlement to a delayed start of the limitation nor argues for equitable tolling nor alleges that he is actually innocent.

Accordingly, the motion to dismiss (Doc. 4) is **GRANTED**.  The application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.  The clerk must close this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Allen is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Allen must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly untimely, Allen is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Allen must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 1, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE